| | |
|---|---|
| gpac, LLP,<br><br>            Plaintiff,<br>vs.<br><br>Blake Andersen and CyberCoders, Inc.,<br>            Defendants. | Court File No.: 4:21-cv-04201-LLP<br><br>**DEFENDANTS CYBERCODERS' AND BLAKE ANDERSEN'S JOINT MOTION FOR CONTINUANCE OF PRELIMINARY INJUNCTION HEARING** |

    COMES NOW the Defendant CyberCoders, Inc., ("CyberCoders") and Defendant Blake Andersen ("Andersen") (jointly referred herein as "Defendants"), and for its Motion for Continuance of the Preliminary Injunction Hearing, respectfully state to the Court as follows:

    1.  On or about October 25, 2021, Plaintiff gpac, LLP ("gpac" or "Plaintiff") commenced the above-referenced civil action, including an Application for a Preliminary Injunction, against Defendants in the Lincoln County Circuit Court, Second Judicial District, State of South Dakota. Defendants subsequently removed this action to this United States District Court, District of South Dakota, on or about November 23, 2021.

    2.  In addition to the above-referenced matter, Plaintiff simultaneously filed and served eight other lawsuits against eight former gpac employees and CyberCoders. *See gpac v. Aaron Rud and CyberCoders, Inc.*, Case No. 41CIV21-000567 (Lincoln County, South Dakota); *gpac v. Jarrad Emery and CyberCoders, Inc.*, Case No. 41CIV21-000566 (Lincoln County, South Dakota); *gpac v. Cody Cipalla*, Case No. 21-cv-04203-LLP (D. S.D.); *gpac v. Michael Linder and CyberCoders, Inc.*, Case No. 21-cv-04198-LLP (D. S.D.); *gpac v. Vicki Archer Goodwin*, Case No. 21-CV-04199-LLP (D. S.D.); *gpac v. Sean Goody and CyberCoders, Inc.*, Case No. 21-cv-04200-LLP (D. S.D.); *gpac v. Christopher McCalister and CyberCoders, Inc.*, Case No. 21-cv-04204-LLP (D. S.D.); *gpac v. Kelsey Tyrrell and CyberCoders, Inc.*, Case No. 21-cv-40202-LLP

(D. S.D.). gpac initially filed each of the nine lawsuits in the South Dakota Circuit Court for the Second Judicial Circuit of South Dakota. Defendants removed seven of the matters to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, based on the existence of diversity jurisdiction.[1]

3. On or about February 24, 2022, four months after serving the Application for Preliminary Injunction with the filing of the state court action (prior to removal by Defendants), counsel for gpac contacted counsel for CyberCoders and counsel for Andersen to inquire about scheduling a hearing with this Court on its request for a preliminary injunction. *See* Clements Decl. ¶ 2, Ex. A. This was the first time that gpac had indicated to Defendants that it intended to seek preliminary injunctive relief from this Court after the removal. In particular, gpac's counsel inquired whether Defendants were available for an evidentiary hearing on May 17 and 18, 2022, which was nearly seven months after gpac's initial filing of the instant action against Anderson and CyberCoders.

4. On or about March 14, 2022, the Court issued an Order for a hearing on Plaintiff's Application for Preliminary Injunction on the above-referenced matter on May 17 and 18, 2022. [Doc. No. 17].

5. On or about March 25, 2022, Andersen filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), seeking dismissal of the claims asserted against him. [Doc. Nos. 19-20]. Andersen's Motion for Judgment on the Pleadings is based on the fact that, because Andersen resides and works in Colorado and does not have a significant relationship with

---

[1] The matters of *Emery* and *Rud* have been dismissed in South Dakota State Court as a result of the parties reaching a resolution.

South Dakota, the Court must apply Colorado law to any interpretation of Andersen's Employment Agreement with gpac, which renders it wholly unenforceable as a matter of law.

6. In addition to Andersen, three other former gpac employees have likewise filed Motions for Judgement on the Pleadings (based on exactly the same legal analysis) in other cases currently pending before this Court, including in the matters of *gpac v. Vicki Archer Goodwin*, Case No. 21-CV-04199-LLP (D. S.D.) and *gpac v. Sean Goody and CyberCoders, Inc.*, Case No. 21-cv-04200-LLP (D. S.D.). For the same reasons as established in the Motions for Judgment on the Pleadings brought by Andersen in the instant action and Vick Archer Goodwin and Sean Goody in their respective cases pending before this Court, Defendant Michael Linder filed a Motion to Dismiss on or about April 4, 2022. [Doc. Nos. 18-19].

7. In response to the Motions filed by Anderson here, and by Archer Goodwin and Goody in the separate actions against them and CyberCoders, CyberCoders filed motions in response to and in support of the Motion for Judgment on the Pleadings, and independently filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) to seek dismissal of the claims against CyberCoders.[2] CyberCoders filed its Motion in the *Andersen* matter on April 15, 2022. The basis for CyberCoders' joinder with the Motions and filing of its own Motion for Judgment on the Pleadings is that the Court's dismissal of claims against the individual defendants for breach of contract necessarily requires dismissal of the intentional interference claim against CyberCoders. *Gruhlke v. Sioux Empire Fed. Credit Union, Inc.*, 756 N.W.2d 399, 406 (S.D. 2008) (discussing the elements to prove a claim for tortious interference with contract, including the requirement of a valid contractual relationship). In other words, any finding by this Court that the Employment Agreement (upon which gpac's breach of contract claims and request for injunctive

---

[2] CyberCoders will similarly be filing a Motion in support of Defendant Michael Linder's Motion to Dismiss.

relief against the individual defendants are solely premised) are invalid and unenforceable under Colorado law requires dismissal of the tortious interference with contract claims against CyberCoders in each of those cases, as well.

8. Should Defendants prevail on their respective Motions for Judgment on the Pleadings and Linder's Motion to Dismiss, the claims in the present matter, as well as in the matters of *Goody*, *Goodwin*, and *Linder*, will be dismissed in their entirety and render any request for injunction relief moot, or in the alternative, otherwise amended as necessary. The resolution of these Motions in the Defendants' favor will conclusively obviate the need for any hearing on an injunction, which will require substantial preparation and evidentiary hearings, along with extensive discovery in advance. As a matter of practicality, the result of the pending Motions for Judgment on the Pleadings will similarly affect the litigation in the remaining matters of *McCalister* and *Tyrrell*. In the interest of judicial economy, the Court should stay all proceedings (including the evidentiary hearing currently scheduled for May 17-18 in this matter, as well as all discovery) until the Court has ruled upon the various pending Motions, which are a threshold matter that must be resolved before the Court is able to address the requested injunctions.

9. On or about April 11, 2022, counsel for CyberCoders contacted Plaintiff's counsel about the preliminary injunction hearing and requested gpac's agreement to continue the hearing in light of the pending Motions. Plaintiff's counsel informed counsel for CyberCoders that gpac will not consent to continue the hearing. *See* Clements Decl. ¶ 3, Ex. B.

10. It is in the best interest of the parties and judicial economy and efficiency, and will avoid this Court wasting its time, to resolve any pending Motions for Judgment on the Pleadings prior to expending time and effort on preparation and attendance of a two-day evidentiary hearing on Plaintiff's Application for Preliminary Injunction. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d

968, 973 (8th Cir. 1968) ("[a] motion to dismiss for failure to state a cause of action can serve a useful purpose in disposing of legal issues with a minimum of time and expense to the interested parties[.]"); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *see Arnold v. DIRECTV, Inc.*, Case no. 4:10-cv-00352 (E.D. Mo. Oct. 8, 2010) (granting Defendant until 30 days following the Court's ruling on the pending motion to dismiss to respond to discovery).

11. The requested continuance will not cause Plaintiff to suffer any prejudicial, as evidenced by gpac's substantial delay in seeking "emergency" injunctive relief. By now waiting for more than 6 months after filing the lawsuit, and more than 7 months after Andersen began employment with CyberCoders, to seek injunctive relief, gpac has demonstrated that it does not believe that it is in danger of suffering any imminent harm or that irreparable harm will occur in the absence of the injunction. *See, e.g., Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, No. 09-1091 (JNE/JSM), 2010 WL 3121007, at *1 (D. Minn. May 25, 2010) (denying motion for preliminary injunction because a nine-month filing delay "indicates that [plaintiff] is not likely to experience irreparable harm in the absence of a preliminary injunction"). Any purported harm that gpac will suffer by a slight delay in the Court holding an evidentiary hearing in this matter is strongly outweighed by the prejudice to Defendants in having to expend substantial time, resources, and money preparing for a hearing that ultimately may not need to take place if the Court grants Andersen's and CyberCoders' respective Motions and dismisses the very claims on which gpac is seeking injunctive relief.

12. Accordingly, for good cause shown and pursuant to D.S.D. Civ. LR 40.1, Defendants respectfully request the Court continue the hearing scheduled for May 17-18, 2022,

and otherwise stay discovery, to allow the parties and the Court focus their efforts on resolving the pending Motions for Judgment on the Pleadings and Motion to Dismiss.

WHEREFORE, the undersigned prays that the Court would grant the Motion for Continuance and enter an appropriate Order.

Dated: April 20, 2022

/s/ David J. Goldstein
David J. Goldstein, Bar No. SBSD #4281
dgoldstein@littler.com
Jeremy D. Sosna (*admitted pro hac vice*)
jsosna@littler.com
Lauren Clements (*admitted pro hac vice*)
lclements@littler.com

LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000
Facsimile: 612.630.9626

*Attorneys for Defendant CyberCoders, Inc.*

Dated: April 20, 2022

/s/ Jeff Bratkiewicz
jeffb@bangsmccullen.com
BANGS, MCCULLEN, BUTLER, FOYE & SIMMONS, LLP
6340 S. Western Ave, Suite 160
Sioux Falls, SD 57108
Telephone: 605. 339-6800

*Attorneys for Defendant Blake Andersen*

4860-0081-8203.2 / 100716-1006